BENJAMIN N. HEWITT et al., as Administrators of the Estate of JAMES K. GLENNIE, Respondents, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 36368.)

NATHAN D. SCOTT et al., Respondents, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 36374.)

NATHAN D. SCOTT et al., Respondents, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 36375.)

ASSUNTO COLOGGI, as Executrix of JOSEPH COLOGGI, Deceased, et al., Respondents, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 36421.)

JAMES T. SANDONATO, Respondent, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 37401.)

ANNA M. ROTELLA et al., Respondents, *v.* STATE OF NEW YORK et al., Appellants. (Claim No. 36197.)

Fourth Department, February 20, 1964.

*Louis J. Lefkowitz, Attorney-General (Thomas F. Moore, Jr.,* and *Julius L. Sackman* of counsel), for State of New York, appellant.

*Thomas F. Moore, Jr., James O. Moore, Jr.,* and *Lewis R. Bennett* for Power Authority of State of New York, appellant.

*Phelps, Gray, Mansour & Hewitt (Salem G. Mansour* and *Benjamin N. Hewitt* of counsel), for respondents in Claim No. 36368.

*Runals, Broderick, Shoemaker, Mathias & Rickert (John E. Runals* of counsel), for respondents in Claims Nos. 36374 and 36375.

*A. Russell Leone* for respondents in Claims Nos. 36421 and 37401.

*A. Russell Leone (John G. Dowd* of counsel), for respondents in Claim No. 36197.

*Per Curiam.* The judgments in these five actions were entered following awards made upon six claims as the result of appropriations by appellants of lands in Niagara County for use by the Power Authority for the purposes of the Niagara Power Project. The State and the Power Authority appeal from the judgment in each action.

These several claims were decided prior to our decision in *Hewitt* v. *State of New York* (18 A D 2d 1128). Herein the trial court in fixing the amounts of damage adopted the rule enunciated as correct by us in the *Hewitt* case and found the several properties to be potential subdivision sites and gave the acreages

increments in value because of that potential use. The contentions of respondents that the properties should be valued as raw acreage or as a part of a theoretical subdivision to be completed at some undetermined future time were impliedly and properly rejected by the trial court.

The property in the *Hewitt* case (*supra*) was situate near the intersection of Upper Mountain and Military Roads in the Town of Lewiston. The properties in the claims now before us are adjacent to or near either Upper Mountain Road or Moyer Road. They are located distances varying from one quarter to a mile and a half from the Hewitt property.

In the light of our decision in *Hewitt* (*supra*), we have no difficulty in affirming the judgments in the Glennie estate (Claim No. 36368) and Scott (Claims Nos. 36374, 36375). These properties are located approximately one and one-half miles east of the Hewitt property and adjoin the Tuscarora Indian Reservation. The awards of the trial court in effect fixed a per acre value of $1,000 on the 68+ acres appropriated from Scott on Moyer Road and $1,500 per acre for the 6+ acres and 54+ acres appropriated from Scott and the Glennie estate respectively near Upper Mountain Road. The two latter appropriations consisted of partial takings and left each claimant substantial acreage adjacent to Upper Mountain Road. The trial court specifically found no consequential damage to the remaining unappopriated properties.

The property of Sandonato (Claim No. 37401) adjoined the lands of the Glennie estate on the west. The Cologgi-Masella property (Claim No. 36421) adjoined Sandonato on the west. The Sandonato tract consisted of 34.616 acres on the south side of Upper Mountain Road. By a series of appropriations appellants took 28.833 acres leaving 5.783 acres with the original 166 feet frontage on Upper Mountain Road. The Cologgi-Masella property consisted of two parcels — one of 10.192 acres with frontage of 210 feet on Upper Mountain Road and an adjoining tract of 4.775 acres with no frontage on the highway. Appellants appropriated 12.362 acres leaving approximately 2.6 acres with all of the original frontage on the highway.

The trial court awarded Sandonato the sum of $52,000 and Cologgi-Masella $22,300. While the court in each of its decisions stated the awards included consequential damages to the remainders an analysis of the findings as to before and after values and the amounts of the awards conclusively demonstrate that the court fixed the damage at $1,800 per acre.

We are unable to find any basis in the record for fixing the per acre value $300 higher than that found in the adjoining

Glennie estate property. We find the per acre value to be $1,500. The award in Sandonato should be reduced to $43,250 and the award in Cologgi-Masella should be reduced to $18,500.

The last appropriation was from Rotella and others (Claim No. 36197), who owned 53+ acres on both sides of Upper Mountain Road and extending in a southerly direction to Moyer Road. This property was less than 700 feet west of the Cologgi-Masella tract along Upper Mountain Road. Appellants appropriated 22.69 acres from the parcel between the two highways which left respondents all the land north of Upper Mountain Road and 6.5 acres south of that highway or a total of 30+ acres. The trial court found that the unappropriated land north of Upper Mountain Road sustained no consequential damage.

The findings of the trial court as to damage may be tabulated as follows:

| Before Value (53.49 A.) | After Value (30+ A.) | Damage (22+ A. taken) |
|---|---|---|
| $129,000 | $70,000 | $59,000 |

It thus appears that the trial court fixed a per acre value of $2,400 in arriving at the before value. To be consistent the court must have found direct damage of approximately $55,000 for the appropriated 22.69 acres. The court made a further finding of consequential damage to the remaining unappropriated land on the south side of Upper Mountain Road. While no finding was made as to amount it appears from the foregoing that the amount of such consequential damage was found to be $4,000.

This latter finding we conclude was made on an erroneous finding of fact. This finding was that after the taking the remaining tract on the south side of the highway had a frontage thereon of 600 feet with an average depth of 300 feet. This obviously would produce 180,000 square feet. At the same time the court found that the tract consisted of 6.5 acres which would produce 283,140 square feet (43,560 sq. ft. x 6.5 acres). The confusion arose from the mistaken testimony of one of respondents' witnesses. The map in evidence clearly shows that the average depth of the unappropriated parcel was not 300 feet but approximately 475 feet. In view of this error we conclude that there was no proof to establish any consequential damage and the amount of the award should be reduced by at least the sum of $4,000. This would not only square with the facts in this claim but would be consistent with the findings in the other three claims where the court found no consequential damage to similar unappropriated lands fronting on Upper Mountain Road.

We further conclude that the proof does not justify the value of $2,400 per acre placed upon this land. The entire tract before

any appropriation had some features that made it potentially more valuable than the lands of the Glennie estate, Sandonato or Cologgi-Massela which we have heretofore found had a fair value of $1,500 per acre. The Rotella property not only had acreage on both sides of Upper Mountain Road but extended southerly to Moyer Road. Upon all the proof we find the per acre value to be $2,000. We find the fair and reasonable market value of claimants' property before the appropriation was $106,980 and immediately after the appropriation was $61,980 with resulting direct damage of $45,000 which sum is fixed as a proper award.

The respective judgments should be modified accordingly and, as so modified, affirmed, without costs.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Claim No. 36368.— Judgment unanimously affirmed, with costs.

Claims Nos. 36374 and 36375.— Judgment unanimously affirmed, with costs.

Claim No. 36421.— Judgment unanimously modified on the law and facts by reducing the amount of the recovery to $18,500 and as modified affirmed, without costs of this appeal to any party. Certain findings of fact modified.

Claim No. 37401.— Judgment unanimously modified on the law and facts by reducing the amount of the recovery to $43,250 and as modified affirmed, without costs of this appeal to any party. Certain findings of fact modified.

Claim No. 36197.— Judgment unanimously modified on the law and facts by reducing the amount of the recovery to $45,000 and as modified affirmed, without costs of this appeal to any party. Certain findings of fact modified.